IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LISA D. SHAVERS**                                                                              **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.: 3:21-cv-266-TSL-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                               **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Lisa Shavers[1] brings this action pursuant to 42 U.S.C.§ 405(g) seeking judicial review of the final decision of the Commissioner of Social Security Administration denying her claim for supplemental security income. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On November 15, 2019, Plaintiff applied for supplemental security income alleging disability due to lupus, migraine headaches, chronic leg pain, gout, high blood pressure, and blood clots. (Administrative Record [12] at 303). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing. ([12] at 131-69). On November 18, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. ([12] at 15-23). On March 4, 2021, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([12] at 5-8). Plaintiff now seeks judicial review in this Court under 42 U.S.C.§ 405(g).

---

[1] Plaintiff is also identified as Lisa Dianne Malone throughout the record. ([12] at 15).

1

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his November 18, 2020, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[2] and determined that Plaintiff was not disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 15, 2019, her application date. ([12] at 17). At step two, the ALJ found Plaintiff had the following medically determinable impairments: polyarthralgia, fibromyalgia, lupus/other connective tissue disease, degenerative joint disease, degenerative disc disease, gout, neuropathy, obesity, migraine headaches, hypertension, and chronic pain syndrome. The ALJ determined that Plaintiff's hypertension and chronic pain syndrome were not severe under the standard set forth in *Stone v. Heckler*, 752 F. 2d 1099 (5th Cir. 1985). ([12] at 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 04, Subpart P, Appendix 1. ([12] at 18-19).

---

[2] This analysis requires the ALJ to make the following determinations:
   (1) whether the claimant is presently engaging in substantial gainful activity (is so, a finding of "not disabled" is made);
   (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
   (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (is so, then the claimant is found to be disabled);
   (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
   (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (is so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b)"[3] except with the following limitations:

> [S]he can occasionally climb ramps and stairs. She can occasionally climb ladders, ropes, and scaffolds. She can frequently balance and stoop. She can occasionally crouch, kneel, or crawl. She can occasionally work around unprotected heights or moving mechanical parts. She can never work in extreme heat or direct sunlight, or around very loud noises.

([12] at 19). At step four, the ALJ found that Plaintiff has no past relevant work. ([12] at 21). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy which Plaintiff could perform. ([12] at 21-22). Accordingly, the ALJ found that Plaintiff was not disabled. ([12] at 22).

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

3

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

**ANALYSIS**

Plaintiff identified nine issues in her brief, but primarily focuses on whether the ALJ properly considered the medical evidence when determining Plaintiff's RFC and whether the testimony of the vocational expert supports a finding that Plaintiff is disabled. Plaintiff also argues that the ALJ erred when he rejected Plaintiff's testimony about the effect of her pain on her ability to work. ([14] at 8).

Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain and other symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. First, an ALJ considers whether there is a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms described by the claimant. If an ALJ determines that such an impairment is present, the ALJ determines the "intensity, persistence, or limiting effect" of the alleged symptoms. An ALJ considers the record as a whole, including both

4

objective and subjective evidence.[4] Although an ALJ should consider a claimant's subjective complaints, a claimant's own statements regarding his pain and symptoms are not determinative of disability status. 20 C.F.R. § 404.1529. An ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

As noted by the ALJ, physical exams of Plaintiff during the relevant time period were "relatively normal." ([12] at 21, 414-15, 419-20, 439-40, 443-51, 495, 507-08). An exam conducted on January 8, 2020, found Plaintiff had no limitation in mobility, a normal gait and station, and normal range of motion without pain for all of her extremities. ([12] at 508). Records from an examination on August 28, 2019, state that Plaintiff had a normal gait, normal muscle tone, and that her extremities were normal. ([12] at 415). Plaintiff was also noted as having a full range of motion and no edema.

While Plaintiff reported migraines, she stated that they went away with medication. ([12] at 38, 48, 417, 437). Plaintiff testified that she was diagnosed with lupus, but she was unable to identify where this diagnosis was contained her medical records at the hearing. ([12] at 143-44). The ALJ left the record open for Plaintiff to provide additional medical records, but she did not provide them. ([12] at 15, 139). The records reflect that while Plaintiff had a positive antinuclear

---

[4] In addition to objective medical evidence, an ALJ should consider several other categories of evidence, including: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measure other than treatment the individual uses or has used to relieve pain or other symptoms (e.g. lying on his back, standing for 15 to 20 minutes every hour, or sleeping on a board); and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

antibodies[5] test, she did not have any physical or laboratory evidence of active lupus disease. ([12] at 461, 464, 496, 509). Impressions from a January 8, 2020 physical exam state that Plaintiff did not "have physical or laboratory evidence of active inflammation." ([12] at 509).

Moreover, many of the records referenced by Plaintiff do little to support her claim that her pain precludes her from working. Plaintiff's medical records suggest that her treating physicians also doubted Plaintiff's subjective complaints of pain.

When Plaintiff moved to the Memphis, Tennessee area, Dr. William Rawlinson found that Plaintiff did not have a diagnosis that justified the use of opiates. ([12] at 465). He found that Plaintiff was a poor historian, and that Plaintiff appeared to be attempting to obtain a prescription for opiates. On February 18, 2019, Plaintiff called the doctor requesting liquid promethazine. Dr. Rawlinson noted that drug users utilize promethazine to give opiates an "extra kick." ([12] at 459). Notes from a November 8, 2017, visit state that "her behavior is more one of opiate seeking that a desire to resolve a chronic medical problem" and included concerns that Plaintiff is a "malingerer." (12] at 471).

Plaintiff also briefly argues that testimony from the vocational expert ("VE") supports a finding that Plaintiff is disabled. During the hearing, the ALJ and counsel for Plaintiff posed hypothetical questions to the VE about whether jobs are available someone with Plaintiff's physical limitations as well as various additional limitations—being absent from work three days a month, being off task for ten percent of the workday, and being unable to maintain persistence, pace, or concentration for more than one hour at a time. ([12] at 165-67). The VE determined that no jobs would be available for persons with these additional limitations.

---

[5] Antinuclear antibodies are found in systemic lupus erythematosus and rheumatoid arthritis, scleroderma, Sjögren's syndrome, and mixed connective tissue disorder. *Dorland's Illustrated Medical Dictionary* 99 (29th ed. 2000).

However, the ALJ thoroughly considered the medical evidence of record in determining Plaintiff's RFC and found that it did not support any additional limitations. ([12] at 20-21). In fact, the ALJ summarized "[i]n making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." ([12] at 19). The ALJ did not have to consider the VE's testimony incorporating limitations that Plaintiff was not determined to have. *See Herring v. Astrue*, 788 F. Supp. 2d 513, 518 (N.D. Tex. 2011) ("The ALJ was only obligated to reasonably incorporate in his hypothetical all of [Plaintiff's] disabilities that he recognized.") (citing *Boyd*, 239 F.3d at 707). The ALJ gave sufficient reasons for his findings, and the ALJ's decision is supported by substantial evidence.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 5th day of July, 2022.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE